SLR:EDB:BGK
F. # 2005V01716

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



ORIGINAL

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

GEITHNERT THORP,
   also known as "Alex" and
   "Nestor Vasquez,"

                Defendant.

**PRELIMINARY ORDER OF FORFEITURE**

04-0515 (S-4)(DGT)

- - - - - - - - - - - - - - - X

WHEREAS, in the Forfeiture Allegation of the Superseding Information in the above-captioned case, the United States sought forfeiture, pursuant Title 21, United States Code, Section, 853, of any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of Title 21, United States Code, Section 960(a)(1), or conspiracy to commit such offense, in violation of Title 21, United States Code, Section 963; and

WHEREAS, on or about November 18, 2005, the defendant, GEITHNERT THORP, waived Indictment and pled guilty to Count One of the Superseding Information, to wit, Title 21, United States Code, Section 963, conspiracy to violate Title 21, United States Code, Section 960(a)(1); and

WHEREAS, pursuant to the defendant's guilty plea agreement, the defendant agreed and consented to the entry of a forfeiture money judgment in the sum of $150,000.00 in United States currency, and to forfeit to the United States all of his right, title and interest in the Forfeiture Money Judgment (the "Forfeiture Money Judgment") and (i) one 1997 Ford Dump Truck, VIN number 1FTYY96YXVVA29724; and (ii) one 2003 BMW 325i, VIN number WBAEFT374X3NJ37751 (the "Forfeited Property") (collectively referred to as "the Forfeited Assets").

WHEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Pursuant to Title 21, United States Code, Section 853, forfeiture of the Forfeited Assets shall be and hereby is entered against the defendant, and the defendant shall forfeit all of his right, title and interest in the Forfeited Assets.

2. Pursuant to Title 21, United States Code, Section 853, the Forfeiture Money Judgment shall be paid by the defendant in full within four (4) months of the date upon which he enters a guilty plea to the Superseding Information. Payment shall be by certified or bank check, payable to the "United States Customs and Boarder Protection," and shall be delivered by overnight air express delivery to Assistant United States Attorney Brendan G. King, United States Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

3. Pursuant to Title 21, United States Code, Section 853, the defendant shall forfeit all of his right, title and interest in the Forfeited Property.

4. The defendant agrees to fully assist the government in effectuating the surrender of the Forfeiture Money Judgment and to take whatever steps are necessary to ensure full payment of the Forfeiture Money Judgment. The defendant also agrees to fully assist the government in the surrender of the Forfeited Property.

5. The United States shall publish notice of this Order, in accordance with the custom and practice in this district, in a newspaper of general circulation and of its intent to dispose of the Forfeited Property in such a manner as the Attorney General or his designee may direct.

6. The defendant agrees not to assert any claim or assist any other person to assert any claim to any of the properties forfeited pursuant to this Preliminary Order of Forfeiture in any administrative or judicial proceeding, waives his right to any required notice concerning the forfeiture, waives his right, if any, to trial by jury of forfeiture allegations, and waives any and all defenses to the forfeiture described in this Preliminary Order, including, but not limited to, defenses based on double jeopardy, *ex post facto* application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

7. Upon entry of this Order, the United States Attorney General, or his designee, is authorized to seize the Forfeited Assets and to conduct any discovery necessary to identify or dispose of the Forfeited Assets, and any discovery necessary to resolve disputes regarding third parties in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c).

8. Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceedings necessary to comply with the statutes governing the rights of third-parties, including giving notice of this Preliminary Order of Forfeiture.

9. Any person, other than the defendant, asserting a legal interest in the Forfeited Property must within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing, without a jury, to adjudicate the validity of his alleged interest in the Forfeited Property, and for an amendment to this order, pursuant to Fed. R. Crim. P. 32.2(c).

10. Any petition filed by a third-party asserting an interest in the Forfeited Property shall: (i) be signed by the petitioner upon penalty of perjury; (ii) set forth the nature and extent of the petitioner's right, title or interest in the Forfeited Property; and (iii) any additional facts supporting the petitioner's claim and relief sought.

11. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in any Forfeited Property in accordance with Fed. R. Crim. P. 32.2(e)(1) as a substitute for publishing notice as to those persons so identified.

12. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

13. At the expiration of the period provided by statute, or, in the event any third-party files a timely claim, upon adjudication of all third-party interests, the Court will enter a Final Order of Forfeiture in which all interests will be addressed.

14. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

15. The Clerk of the Court shall forward six (6) certified copies of this Order to Assistant U.S. Attorney Brendan G. King, U.S. Attorney's Office, Eastern District of New York, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
~~January~~ February _1_, 2006

\_\_s/David G. Trager_____
HONORABLE DAVID G. TRAGER
UNITED STATES DISTRICT JUDGE